**Leola M. MOORE, Plaintiff-Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.**

No. 78–2816

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 18, 1979.

Cornett, Echols & Biard, Leighton Cornett, Paris, Tex., for plaintiff-appellant.

Joe L. Randle, J. H. Hand, Dallas, Tex., Tracy Crawford, Mike Hatchell, Tyler, Tex., for defendant-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant, a black female, has been employed since 1951 as a house service attendant (janitress) in the Paris, Texas office of Southwestern Bell. Appellant sought a promotion to the position of repair clerk, a position involving the recording and filing of information, in 1973. Passage of a test battery was a necessary, but not the sole, criterion for promotion. Appellant failed the test in 1973. In 1974, she again applied for promotion but refused to be retested, alleging that the tests used by Southwestern Bell discriminated against her on the basis of her race. Appellant filed charges of discrimination against Southwestern Bell with the Equal Employment Opportunity Commission on November 2, 1974. She was notified by the Commission that the charges were dismissed pursuant to a finding of no reasonable cause. Appellant brought suit against Southwestern Bell under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C.A. § 2000e *et seq.*, claiming that she was denied a promotion because of her minority status. The District Court found that Appellant· had failed to make out a *prima facie* case of discrimination. This conclusion pretermitted any inquiry into the job-relevance of the test battery and the District Court held that Southwestern Bell was entitled to judgment as a matter of law. This appeal followed.

■ The United States Supreme Court has held that a defendant-employer's burden of proving a test's job-relatedness arises " . . . only after the complaining party or class has made out a *prima facie* case of discrimination, *i. e.,* has shown that the tests in question select applicants for hire or promotion in a racial pattern significantly different from that of the pool of applicants." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 425, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975). The Supreme Court has also stated that it is only a "substantially disproportionate" impact which warrants further judicial scrutiny. *Washington v. Davis,* 426 U.S. 229, 247, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Unless plaintiff satisfies this initial burden of making a *prima facie* showing of discrimination, the trial court need not examine testing procedures for their validity. If there is no substantial disproportionate impact on minorities, the test may be used whether valid or invalid, job-related or not job-related.

■ The Supreme Court has not ruled definitively on just what threshold mathematical showing of variance along racial lines suffices as a "substantial disproportionate impact." The District Court here found that the pass rate for black applicants in the relevant geographical district and time period was 93% that of white applicants.[1] This Court is bound by findings of "subsidiary fact" adopted by a district court unless they are clearly erroneous, which these findings are not. Fed.R.Civ.P. 52. *E. g., Golf City Inc. v. Wilson Sporting Goods Co., Inc.,* 555 F.2d 426 (5th Cir. 1977). We affirm the District Court's holding: a 7.1% selection differential between black and white applicants does *not* evidence the required disproportionate impact needed to make out a *prima facie* case of discrimination.[2]

AFFIRMED.

1. For the period of January 1, 1972, though August 15, 1976, the Bell System clerical test battery was administered to 469 white employees, and 277 black employees in the geographic division of which Paris, Texas is a part. Of this number, 453 white employees, and 248 black employees passed the test. In percentage terms, 96.6% of those white employees who took the test passed, while 89.5% of the black employees passed, resulting in a selection differential of 7.1%.

2. The District Court, relied in part on the 80% rule which was adopted by the Equal Employment Opportunity Commission. This standard was incorporated ın the Uniform Guidelines on Employee Selection Procedures. 42 Fed.Reg. 65542, as corrected in 43 Fed.Reg. 1506. Given

the facts of this case, this Court does not find it
necessary to rule on the propriety of the
adoption of the 80% standard.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v.
Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.