**Lena TORTORICI, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. A. No. 73–M–236.**

United States District Court, N. D. Alabama, S. D.

May 23, 1979.

**8**

Charles W. Matthews, Tampa, Fla., Edward Still, Reeves & Still, Birmingham, Ala., for plaintiff.

J. R. Brooks, U. S. Atty., Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., Carl H. Harper, Regional Atty., J. Diane Everett, Asst. Reg. Atty., Dept., Health, Ed. & Welfare, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This cause was tried by the court, sitting without a jury. This memorandum opinion is being issued in lieu of findings of fact and conclusions of law, pursuant to Rule 52(a), Fed.R.Civ.P.

Subject matter jurisdiction exists under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.*

Plaintiff is a white female of Italian ancestry and surname. She applied for two positions with the Social Security Administration and was rejected for each. She exhausted her administrative remedies and filed this action.

Plaintiff first applied for the position of file clerk. She was interviewed but was not offered a job.

Second, plaintiff applied for the position of clerk–typist and received an examination score of 84.3 on certificate 7142. Plaintiff was not offered a job, even though blacks and whites with lower test scores and fewer years of employment experience were selected to fill the positions.

Third, plaintiff again applied for the position of clerk–typist and received an examination score of 91.8 on certificate 7722. Again, she was not offered a job, even though blacks and whites with lower test scores and fewer years of employment experience were selected to fill the positions.

■ Immediately, plaintiff's claim that she has suffered discrimination because of her Italian heritage and surname should be dismissed. She has presented no evidence that she, or other persons of Italian heritage have suffered discrimination because of her national origin. In fact, Louis J. DeLucas, a person of Italian ancestry, has for years been the Director of Management for the Social Security Payment Center in Birmingham, Alabama.

■ Plaintiff also contends that she suffered discrimination because she is white. White people are protected by the civil rights laws. *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 279, 96 S.Ct. 2574, 2578, 49 L.Ed.2d 493 (1976); *Weber v. Kaiser Aluminum and Chemical Corp.*, 563 F.2d 216 (5th Cir. 1977), *rehearing denied* 571 F.2d 337 (5th Cir. 1978), *cert. granted* 439 U.S. 1045, 99 S.Ct. 720, 58 L.Ed.2d 704 (December 11, 1978). However, since many whites with test scores lower than plaintiff were hired into the positions for which plaintiff applied, the court is of the opinion that plaintiff has failed to make out a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). *See Moore v. Southwestern Bell Telephone Co.*, 593 F.2d 607 (5th Cir., 1979).

■ Even assuming that plaintiff did prove a prima facie case of discrimination, defendant has satisfied its burden on rebuttal. "[T]he burden which shifts to the employer is merely that of proving that he based his employment decision on a legitimate consideration, and not an illegitimate one such as race." *Furnco, supra*, at 2950. The interviewers for defendant were concerned that plaintiff had constantly moved from one job to another. A concern for job stability is a legitimate one under *Furnco* because it is costly to train a person for a job if she will leave the job in a short period of time.

Therefore, the court is of the opinion that judgment should be entered for defendant.